MILLER NASH LLP
Jess G. Webster
jess.webster@millernash.com
605 5th Ave S, Suite 900
Seattle, Washington 98104
Telephone: 206.624.8300
Facsimile: 206.340.9599

HOLMES WEDDLE & BARCOTT, P.C.
Svetlana P. Spivak, ABA 0608049
sspivak@hwb-law.com
3101 Western Avenue, Suite 500
Seattle, Washington 98121
Telephone: (206) 292-8008

Attorneys for Plaintiff Coastal Marine Fund

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| COASTAL MARINE FUND, a Washington Company, and CORDOVA COPPER STAR, LLC., an Alaskan Limited Liability Company,<br><br>       Plaintiff,<br><br>  v.<br><br>CITY OF CORDOVA, an Alaska municipality,<br><br>       Defendant. | Case No. 3:25-cv-00169 |

## COMPLAINT

COME NOW, Plaintiffs Coastal Marine Fund, a Washington Company,

(hereinafter "CMF") and Cordova Copper Star, LLC, an Alaskan Limited Liability

Case No. 3:25-cv-00169
Page 1

Company, (hereinafter "CCS") and set forth their Complaint against the City of Cordova, its agents, employees and representatives (hereinafter "Defendant" or "City"), seeking relief for the Defendant's breach of contract and negligence, by stating and alleging as follows:

## I. JURISDICTION AND VENUE

1.1 This is a maritime dispute and the Court's jurisdiction over this action rests in Title 28 U.S.C. §1333. This Court also has jurisdiction over this action pursuant to Title 28 USC §1367 over state law or common law claims alleged herein.

1.2 Venue in this Court is proper under 28 USC §1391 since a substantial part of the events giving rise to this claim occurred in Cordova, Alaska.

## II. PARTIES

2.1 Plaintiff Coastal Marine Fund ("CMF") is a company organized under the laws of the State of Washington, with its principal place of business in Everett, Washington.

2.2 CMF is a self-insurance program for commercial fishing vessels.

2.3 Cordova Copper Star, LLC. ("CCS"), is a limited liability company organized under the laws of the State of Alaska, with its principal place of business in Cordova, Alaska.

2.4 At all pertinent times plaintiff CCS was the owner and the operator of the F/V COPPER STAR.

2.5 At all pertinent times plaintiff CCS was a member of the plaintiff Coastal Marine Fund.

2.6 At all pertinent times Neil David Moore was the captain of the F/V COPPER STAR.

2.7 Defendant City of Cordova ("City" or "Defendant") is a city located on Prince William Sound in the Gulf of Alaska.

2.8 At all pertinent times, defendant City of Cordova owned, maintained and operated a 150-ton Marine Travel Lift.

2.9 At all pertinent times, defendant City of Cordova had exclusive control over the Marine Travel Lift.

2.10 At all pertinent times, defendant City of Cordova had exclusive responsibility for operation and maintenance of the Marine Travel Lift.

### III. FACTS

3.1 On or about August 21-22, 2023, plaintiff CCS entered into an oral agreement ("Agreement") with the City to haul-out the F/V COPPER STAR.

3.2 The attempted performance of the Agreement occurred on or about August 22, 2023.

3.3 On this date, Defendant City of Cordova was using its Marine Travel Lift to lift the F/V COPPER STAR out of the water.

3.4 The City dropped the lift slings into the water and instructed Captain Neil Moore to position the slings on the F/V COPPER STAR.

3.5 There were three slings: forward, midship and aft. The slings were run by six hydraulic winches.

3.6 As the City began lifting the F/V COPPER STAR out of the water, the Marine Travel Lift suddenly failed in some way, unspooling its winch cable on the port side of the aft sling, causing the port stern quarter of the vessel to drop toward the water. The travel lift operator stated that he thought the load of the vessel, appeared to be too stern heavy, so the F/V COPPER STAR was lowered down and the lift straps were repositioned more aft.

3.7   The travel lift operator did not inspect the Marine Travel Lift to determine the cause of the winch failure.

3.8   As the City began lifting the F/V COPPER STAR again, the port forward winch of the Marine Travel Lift suddenly failed in some way, unspooling its cable, causing the vessel to slide forward and sideways, heavily list to port and make contact with the dock on the forward port of the top house and the port crane.

3.9   The vessel returned to starboard and settled upright between the two docks with the forward and center slings under vessel.

3.10  The aft sling slid over the rudder shoes and caught the port aft steel railing and tore it off, and then tangled up in exhaust cowling, stern light and life raft on top of the house.

3.11  The Harbor Master was called and instructed Captain Moore to disconnect the pins and remove the slings.

3.12  In the process of untangling the lift straps and addressing the situation, Captain Neil Moore was injured.

3.13  After inspecting the F/V COPPER STAR for any flooding, Captain Moore motored the vessel to the City Dock.

3.14  The F/V COPPER STAR sustained damage.

3.15  Plaintiff CMF paid for the cost of insured repairs to the F/V COPPER STAR that were necessitated by the City of Cordova dropping the vessel.

3.16  Plaintiff CMF paid the cost of medical treatment in the amount of $15,848.31 and maritime benefits of maintenance in the amount of $10,595.00 to Captain Neil Moore. In addition, CMF paid adjuster fees of $7,190.00 to the adjuster to handle and adjust Captain Neil Moore's claim, and $6,476.86 to reimburse Captain Neil Moore for travel costs.

3.17 Captain Neil Moore may also bring a lawsuit against the Cordova Copper Star, LLC., and/or the F/V COPPER STAR for his injuries. Cost of defending such claims will be subject to coverage by CMF. Damages, if awarded in such lawsuit, will be subject to coverage by CMF. All such costs and damages will be due to the City of Cordova dropping the vessel.

3.18 Plaintiff CCS paid its deductible in the amount of $5,000.00, as well as cost of any uninsured repairs to the COPPER STAR that were necessitated by the City of Cordova dropping the vessel, all in amounts to be proven at trial.

3.19 Plaintiff CCS missed time operating as a fish tender, lost its tendering contract, and lost tendering income in an amount to be proven at trial, but in excess of $400,000, as a result of the City of Cordova dropping the F/V COPPER STAR and causing her damage necessitating repairs.

3.20 The City of Cordova failed to properly maintain its Marine Travel Lift and failed to properly train its personnel operating its Marine Travel Lift.

## CAUSES OF ACTION

### IV. FIRST CAUSE OF ACTION: BREACH OF CONTRACT

4.1 Plaintiffs incorporate by reference the allegations in Paragraphs 1.1-3.10 as fully set forth herein.

4.2 Plaintiffs CCS and Defendant City of Cordova entered into a valid and enforceable Agreement to lift the F/V COPPER STAR out of the water.

4.3 Plaintiff CCS performed all obligations under the Agreement.

4.4 Defendant City of Cordova did not perform the job it was hired to do and did not haul out the F/V COPPER STAR.

4.5 Defendant City of Cordova materially breached the contract.

4.6     Defendant City of Cordova's breach of the contract is the direct, foreseeable and proximate cause of the damages sought by the plaintiffs herein.

## V.     SECOND CAUSE OF ACTION:
## BREACH OF THE WARRANTY OF WORKMANLIKE PERFORMANCE

5.1     Plaintiffs incorporate by reference the allegations in Paragraphs 1.1-4.7 as fully set forth herein.

5.2     The Lifting Contract includes an implied warranty of workmanlike performance.

5.3     In accordance with subrogation principles, plaintiff CMF is a beneficiary of, and may claim, the warranty of workmanlike performance.

5.4     Defendant City of Cordova owed plaintiff CCS a duty to perform the lift of the F/V COPPER STAR in a workmanlike manner.

5.5     Defendant City of Cordova breached its warranty of workmanlike performance as it failed to exercise the same care and diligence as would be exercised by an ordinary prudent and skillful service provider under the same circumstances as presented to defendant at all times relevant, including, but not limited to, by not using reasonable care in maintaining the Marine Travel Lift, and/or in not using reasonable care in training operators of the Marine Travel Lift, and/or in not using reasonable care in performing the lift.

5.6     Defendant City of Cordova's breach of its warranty of workmanlike performance is the direct, foreseeable and proximate cause of damages sought by the plaintiffs herein.

## VI. THIRD CAUSE OF ACTION: RES IPSA LOQUITUR

6.1 Plaintiffs incorporate by reference the allegations in Paragraphs 1.1-5.6 as if fully set forth herein.

6.2 Defendant City of Cordova had exclusive control over Marine Travel Lift.

6.3 The event of dropping the F/V COPPER STAR while the vessel was lifted by the Marine Travel Lift could not occur in the absence of negligence.

6.4 Plaintiffs' actions or lack of actions did not contribute to the event of dropping the F/V COPPER STAR while the vessel was lifted by the Marine Travel Lift.

6.5 Doctrine of Res Ipsa Loquitur demands that the City of Cordova be found liable for dropping the F/V COPPER STAR and be held liability for the resulting damages to be proven in trial.

## VII. FOURTH CAUSE OF ACTION: NEGLIGENCE

7.1 Plaintiffs incorporate by reference the allegations in Paragraphs 1.1-6.5 as if fully set forth herein.

7.2 Defendant City of Cordova owed plaintiff CCS a duty of reasonable care.

7.3 Defendant City of Cordova breached its duty of reasonable care through various acts and omissions, including but not limited to, their duty to perform the lift of the F/V COPPER STAR with reasonable care and in a non-negligent fashion, and to properly maintain and operate the Marine Travel Lift.

7.4 Defendant City of Cordova's breach of duty of reasonable care is the direct, foreseeable and proximate cause of the damages sought by the plaintiffs herein.

## VIII. PRAYER FOR RELIEF.

WHEREFORE, PLAINTIFFS respectfully request the following relief:

Judgment against Defendant City of Cordova, for all damages caused by their

conduct as alleged above, in the amount to be proved at trial, including, but not limited to:

   a. <u>Judgment for Plaintiff CMF</u> for the amounts including but not limited to:
      i. <u>Vessel repairs</u>: the cost of repairs to the F/V COPPER STAR that plaintiff CMF paid, with the final amount to be determined at trial,
      ii. <u>Surveyor's fees</u> paid by plaintiff CMF to survey damage and reasonableness of repairs and cost of repairs to the F/V COPPER STAR, with the final amount to be proven at trial,
      iii. <u>Captain Neil Moore's personal injury claim</u>: $15,848.31 paid by plaintiff CMF for cost of medical treatment, $10,595.00 paid in maintenance benefits, adjuster's fees currently in the amount of $7,190.00 paid to handle and adjust Captain Neil Moore's claim, $6,476.86 in travel costs reimbursements to Captain Neil Moore, <u>cost of</u> defending lawsuit against Captain Neil Moore's allegations and damages resulting from Captain Neil Moore's lawsuit, if any, to be determined at trial,
      iv. Any <u>incidental and consequential</u> damages sustained in the amount to be proven at the time of trial;
      v. <u>Prejudgment interest</u>,
      vi. <u>Attorney's fees</u>,
      vii. <u>Court costs</u>,
      viii. <u>Any and all other</u> damages and costs allowable by law, and

Case No. 3:25-cv-00169
Page 8

Case 3:25-cv-00169-HRH   Document 1   Filed 08/08/25   Page 8 of 10

  ix. For <u>any such other relief</u> as this Court may deem just and proper.

 b. <u>Judgment for Plaintiff CCS</u> for the amounts including but not limited to:

  i. $5,000.00 deductible,

  ii. Lost fishing profits in an amount to be proven at the time of trial,

  iii. Any incidental and consequential damages sustained in the amount to be proven at the time of trial;

  iv. Prejudgment interest,

  v. Attorney's fees,

  vi. Court costs,

  vii. Any and all other damages and costs allowable by law, and

  viii. For such other relief as this Court may deem just and proper.

Dated: August 8, 2025    MILLER NASH LLP


        By: *s/ Jess G. Webster*
            Jess G. Webster
            605 5th Ave S, Ste 900
            Seattle, WA 98104
            Telephone:    (206) 777-7560


        HOLMES WEDDLE & BARCOTT, P.C.

        *s/ Svetlana Spivak*
        Svetlana Spivak, ABA # 0608049
        3101 Western Avenue, Suite 500
        Seattle, Washington 98121
        Telephone:  (206) 292-8008
        Facsimile:   (206) 340-0289
        Email:       sspivak@hwb-law.com
        Attorneys for Plaintiff Coastal Marine Fund