Donald K. McLean, AKSB No. 0403006
Sarai Salgado, AKSB No. 2402011
BAUER MOYNIHAN & JOHNSON LLP
2101 4th Avenue - 24th Floor
Seattle, WA 98121
Telephone: (206) 443-3400
Facsimile: (206) 448-9076
ssalgado@bmjlaw.com
dkmclean@bmjlaw.com

Attorneys for Defendant City of Cordova

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| COASTAL MARINE FUND, a Washington Company, and CORDOVA COPPER STAR, LLC., an Alaskan Limited Liability Company,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF CORDOVA, an Alaska municipality,<br><br>Defendant. | Case No.: 3:25-cv-00169<br><br>LEAD CASE |
| NEIL MOORE and JACOB EAGER,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF CORDOVA<br><br>Defendant. | Case No. 3:25-cv-00174<br><br>CONSOLIDATED |

**ANSWER TO COMPLAINT OF COASTAL MARINE FUND AND CORDOVA COPPER STAR LLC AND COUNTER CLAIM AGAINST CORDOVA COPPER STAR LLC**

Comes now defendant City of Cordova ("Cordova") in answer to the complaint of Coastal Marine Fund ("CMF") and Cordova Copper Star LLC ("Copper Star"), states and alleges as follows:

ANSWER
Case No. 3:25-cv-00169
Page **1** of **10**

# JURISDICTION AND VENUE

1.1 The allegations include questions of law to be determined by the Court and require no answer. To the extent an answer is required, Cordova admits that the Court has jurisdiction pursuant to 28 USC §1333. Cordova denies that any of the claims are governed by Alaska State law.

1.2 The allegations include questions of law to be determined by the Court and require no answer. To the extent an answer is required, admit venue is proper with this Court.

## II. PARTIES

2.1 Denied based on want of information.

2.2 Denied based on want of information.

2.3 Denied based on want of information.

2.4 Denied based on want of information.

2.5 Denied based on want of information.

2.6 Denied based on want of information.

2.7 Admit.

2.8 Admit.

2.9 Answering the allegations of paragraph 2.9, Cordova admits that it exercised control over the Marine Travel Lift. Cordova, however, retained outside mechanics and repairmen who worked on the Travel Lift. Except as admitted, the remaining allegations of paragraph 2.9 are denied.

2.10 Answering the allegations of paragraph 2.10, Cordova admits that it exercised control over the Marine Travel Lift. Cordova, however, retained outside mechanics and repairmen who worked on the Travel Lift. Except as admitted, the remaining allegations of paragraph 2.10 are denied.

## III. FACTS

ATTORNEYS AT LAW
BAUER MOYNIHAN & JOHNSON LLP
2101 FOURTH AVENUE
SUITE 2400
SEATTLE, WA 98121
(206) 443-3400
FAX (206) 448-9076

3.1     Answering the allegations of paragraph 3.1, Cordova admits that it and Coastal Star entered into an agreement to haul the F/V COPPER STAR in August of 2023 pursuant to the terms and conditions posted on the city website and previously agreed to by Copper Star. Except as admitted, the remaining allegations of paragraph 3.1 are denied.

3.2     Answering the allegations of paragraph 3.2, Cordova admits that it attempted to haul the vessel out of the water on August 22, 2023.

3.3     Answering the allegations of paragraph 3.3, Cordova admits that on August 22, 2023, Cordova was using its Marine Travel Lift when it attempted to lift the vessel out of the water.

3.4     Admit.

3.5     Admit.

3.6     Answering the allegations of paragraph 3.6, Cordova admits that when the Marine vessel was being lifted the Marine Travel Lift locked up. When Cordova started to lower the vessel, the number 5 winch free spooled allowing the bow to drop and the vessel listed to port. The operator then lowered the vessel into the water. Except as admitted, the remaining allegations of paragraph 3.6 are denied.

3.7     Answering the allegations of paragraph 3.7, Cordova denies that there was a second lift after there was evidence of winch failure.

3.8.    Answering the allegations of paragraph 3.8, Cordova denies that there was a second lift after there was evidence of winch failure.

3.9     Answering the allegations of paragraph 3.9, Cordova admits that after the winch failed the vessel was floating as normal between the two docks.

3.10    Answering the allegations of paragraph 3.10, Cordova admits that the straps did some damage to the vessel during the lift.

3.11    Answering the allegations of paragraph 3.11, Cordova admits that the Habor Master was called to the vessel and spoke to the captain.

ATTORNEYS AT LAW
BAUER MOYNIHAN & JOHNSON LLP
2101 FOURTH AVENUE
SUITE 2400
SEATTLE, WA 98121
(206) 443-3400
FAX (206) 448-9076

3.12  Answering the allegations of paragraph 3.12, Cordova has no insufficient information to either admit or deny and, therefore, denies same.

3.13  Admit based on information and belief.

3.14  Answering the allegations of paragraph 3.14, Cordova admits same.

3.15  Answering the allegations of paragraph 3.15, Cordova has insufficient information to either admit or deny and, therefore, denies same.

3.16  Answering the allegations of paragraph 3.16, Cordova has insufficient information to either admit or deny and, therefore, denies same.

3.17  Answering the allegations of paragraph 3.17, Cordova notes that the first sentence of the paragraph is a contingent allegation to which no answer is required. Cordova denies that balance of the allegations because it has no liability to CMF

3.18  Answering the allegations of paragraph 3.18, Cordova has insufficient information to either admit or deny and, therefore, denies same. Cordova specifically denies that balance of the allegations because it has no liability Copper Star.

3.19  Answering the allegations of paragraph 3.19, Cordova denies same.

3.20  Answering the allegations of paragraph 3.20, Cordova denies same.

## CAUSES OF ACTION

### IV. FIRST CAUSE OF ACTION: BREACH OF CONTRACT

4.1  Defendant City of Cordova restates and incorporates its answers from paragraphs 1.1 - 3.20.

4.2  Admit.

4.3  Answering the allegations of paragraph 4.3, Cordova denies same.

4.4  Answering the allegations of paragraph 4.4, Cordova admits that it did not lift the COPPER STAR out of the water because the travel lift failed. Except as admitted, the remaining allegations of paragraph 4.4 are denied.

4.5  Answering the allegations of paragraph 4.5, Cordova denies same.

ANSWER
Case No. 3:25-cv-00169
Page **4** of **10**

ATTORNEYS AT LAW
BAUER MOYNIHAN & JOHNSON LLP
2101 FOURTH AVENUE
SUITE 2400
SEATTLE, WA 98121
(206) 443-3400
FAX (206) 448-9076

Case 3:25-cv-00169-HRH    Document 12    Filed 09/10/25    Page 4 of 10

4.6 Answering the allegations of paragraph 4.6, Cordova denies same.

## SECOND CAUSE OF ACTION: BREACH OF THE WARRANTY OF WORKMANLIKE PERFORMANCE

5.1 Defendant City of Cordova restates and incorporates its answers from paragraphs 1.1 – 4.6.

5.2 The allegations include conclusions of law and require no answer.

5.3 The allegations include conclusions of and require no answer.

5.4 The allegations include conclusions of law and require no answer.

5.5 Answering the allegations of paragraph 5.5, Cordova denies same.

5.6 The allegations include conclusions of law and require no answer. To the extent an answer is required, denied.

## THIRD CAUSE OF ACTION: RES IPSA LOQUITUR

6.1 Defendant City of Cordova restates and incorporates its answers from paragraphs 1.1 – 5.6

6.2 Answering the allegations of paragraph 6.2, Cordova admits that it exercised control over the Marine Travel Lift. Cordova, however, retained outside mechanics and repairmen who worked on the Travel Lift. Except as admitted the remaining allegations of paragraph 6.2 are denied.

6.3 Denied.

6.4 Denied.

6.5 The allegations include conclusions of law and require no answer. To the extent an answer is required, denied.

ATTORNEYS AT LAW
BAUER MOYNIHAN & JOHNSON LLP
2101 FOURTH AVENUE
SUITE 2400
SEATTLE, WA 98121
(206) 443-3400
FAX (206) 448-9076

ANSWER
Case No. 3:25-cv-00169
Page **5** of **10**

## IV. FOURTH CAUSE OF ACTION: NEGLIGENCE

7.1 Defendant City of Cordova restates and incorporates its answers from paragraphs 1.1 - 6.5.

7.2 The allegations include conclusions of law and require no answer.

7.3 The allegations include conclusions of law and require no answer. To the extent an answer is required, denied.

7.4 The allegations include conclusions of law and require no answer. To the extent an answer is required, denied.

## V. AFFIRMATIVE DEFENSES

BY WAY OF FURTHER ANSWER to the complaint and as affirmative defenses thereto, defendant states and alleges as follows:

a. The City of Cordova re-alleges and incorporates all of the above as an affirmative defense.
b. Plaintiffs have a duty to mitigate their damages, if any, and to the extent they have not, their recovery, if any, must be reduced accordingly.
c. Plaintiffs' damages, if any, were caused or enhanced by their own comparative fault, and plaintiffs' recovery should be barred or reduced accordingly.
d. Plaintiffs have failed to state a claim for which relief can be granted.
e. Plaintiffs' damages, if any, are due to pre-existing conditions of the F/V COPPER STAR. To the extent this is so, plaintiffs' recovery, if any, should be barred or reduced accordingly.
f. Plaintiffs' claims are barred by the terms of the contract between the parties.

## COUNTER CLAIM

Defendant City of Cordova and bring the following counter claim against Cordova Copper Star LLC as follows:

## I. PARTIES

ATTORNEYS AT LAW
BAUER MOYNIHAN & JOHNSON LLP
2101 FOURTH AVENUE
SUITE 2400
SEATTLE, WA 98121
(206) 443-3400
FAX (206) 448-9076

1. City of Cordova ("Cordova") is municipal corporation in Alaska that operates a boat lift in Cordova.

2. Cordova Copper Star LLC ("Copper Star") is an Alaska LLC with its principal place of business in Cordova, Alaska. The relationship between Copper Star and Cordova is governed by the City of Cordova Travel Lift Agreement. ("Agreement").

## II. JURISDICTION

3. This Court has personal jurisdiction over Copper Star as a limited liability company organized under the laws of Alaska with its principal place of business in Cordova, Alaska. Copper Star has also submitted itself to the jurisdiction of the Court by filing a lawsuit in the Court.

4. This Court has subject matter jurisdiction over this case under 28 USC § 1333 because it arises from an agreement to haul a vessel out of the navigable waters of the United States which is a maritime contract.

## III. FACTS

5. Cordova operates a Vessel Lift for the benefit of the public.

6. The use of the Vessel Lift is offered to the public on the terms and conditions provided in the Agreement.

7. According to the website maintained by Cordova, execution of the Agreement is a condition precedent for Cordova to use the travel lift to haul a vessel out of the water. A copy of the Agreement is posted on the website.

8. The agent of Copper Star executed the Agreement in 2018.

9. The Agreement provides in the relevant part as follows:

I request the City of Cordova Boat Lift and operator to lift or move the vessel identified above. I agree to be available and on the site during any lifting/moving of the vessel. I understand that the City does not assume any liability for injuries or damages arising from use of the boat lift. The City shall not be liable for death or injury to persons, or damage to property, upon the vessel, yard facilities or premises adjacent thereto arising from any cause other than the willful misconduct of the City. The User shall indemnify and hold the City and its officers and employees

ANSWER
Case No. 3:25-cv-00169
Page **7** of **10**

ATTORNEYS AT LAW
BAUER MOYNIHAN & JOHNSON LLP
2101 FOURTH AVENUE
SUITE 2400
SEATTLE, WA 98121
(206) 443-3400
FAX (206) 448-9076

harmless from all claims for death or injury to persons, or damage to property, arising from his acts or omissions, his agents, service providers/vendors, crew, employees or invitees.

10. Under the terms of the Agreement, Copper Star must indemnify from the claims for property damage and bodily injury arising from plaintiff's use of the Travel Lift.

11. Copper Star's insurance company has brought a claim against Cordova for bodily claims arising out the acts or omissions of Copper Star and its employees, namely the events that caused Captain Neil Moore to injure himself.

12. The crew of the COPPER STAR has brought a claim against Cordova for wages lost related to the property damage to the COPPER STAR. This clam arises out of the acts or omissions of Copper Star and its employees.

## FIRST CAUSE OF ACTION – REQUEST FOR INDEMNITY

13. Under the terms of the Agreement, Copper Star has to indemnify Cordova to the extent that it has to pay to either Copper Star's insurer or to the crew of the COPPER STAR.

## PRAYER FOR RELIEF.

WHEREFORE, having answered plaintiffs' complaint, defendant City of Cordova prays for the following relief:

a. That plaintiffs' complaint be dismissed with prejudice and that they take nothing thereby;

b. That final judgement be entered in favor of defendant on all claims and causes of action;

c. That defendants be awarded costs and fees to the full extent of applicable law;

d. To the extent that either Copper Star's Underwriters or Copper Star Crew recover anything from Cordova, indemnity of all amounts paid from the Copper Star.

e. For such other relief as this Court deems just.

//

DATED this Wednesday, September 10, 2025.

BAUER MOYNIHAN & JOHNSON LLP

ANSWER
Case No. 3:25-cv-00169
Page **8** of **10**

ATTORNEYS AT LAW
BAUER MOYNIHAN & JOHNSON LLP
2101 FOURTH AVENUE
SUITE 2400
SEATTLE, WA 98121
(206) 443-3400
FAX (206) 448-9076

*/s/ Donald K. McLean*
Donald K. McLean, AKSB No. 0403006
*/s/ Sarai Salgado*
Sarai Salgado, AKSB No. 2402011
Bauer Moynihan & Johnson LLP
2101 Fourth Avenue Suite 2400
Seattle, WA 98121
Telephone: (206) 443-3400
Fax: (206) 448-9076
Email: dkmclean@bmjlaw.com
ssalgado@bmjlaw.com

ATTORNEYS AT LAW
BAUER MOYNIHAN & JOHNSON LLP
2101 FOURTH AVENUE
SUITE 2400
SEATTLE, WA 98121
(206) 443-3400
FAX (206) 448-9076

ANSWER
Case No. 3:25-cv-00169
Page **9** of **10**

Case 3:25-cv-00169-HRH   Document 12   Filed 09/10/25   Page 9 of 10

CERTIFICATE OF SERVICE
I declare under penalty of perjury of the laws of the state of Alaska that on September 10, 2025, I electronically served the above document using the PACER E-File system which will send notification of such filing to the below counsel:

Jack Garyth Poulson
POULSON LAW, LLC
636 Harris Street
Juneau, Alaska 99801
Tel: (907) 586-6529
Email: jack@poulson.law

Brian Beckcom
Brendan Fradkin
VB ATTORNEYS
6363 Woodway, Suite 400
Houston, Texas 77057
Tel: 713.224.7800
Fax: 713.224.7801
Email: Brendan@vbattorneys.com

BAUER MOYNIHAN & JOHNSON LLP

/s/Sam Pearce
By: Sam Pearce, Paralegal
spearce@bmjlaw.com

ATTORNEYS AT LAW
BAUER MOYNIHAN & JOHNSON LLP
2101 FOURTH AVENUE
SUITE 2400
SEATTLE, WA 98121
(206) 443-3400
FAX (206) 448-9076

ANSWER
Case No. 3:25-cv-00169
Page **10** of **10**

Case 3:25-cv-00169-HRH    Document 12    Filed 09/10/25    Page 10 of 10